# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

KIEL LOMBARDO,

    Plaintiff,

vs.                                      CASE NO:

THEE TREE HOUSE, LLC, AS
SUCCESSOR-IN-INTEREST TO
PLATT STREET BOROUGH, LLC,
REINER GOBEA, AND
MONICA BERND,

    Defendants.
_____

## COMPLAINT

Plaintiff, Kiel Lombardo, hereby sues Defendants, Thee Tree House, LLC, as successor-in-interest to Platt Street Borough, LLC ("PSB"), Reiner Gobea ("Gobea"), and Monica Bernd and alleges as follows:

### Nature of Action

1. Plaintiff, Kiel Lombardo brings this action against Defendants PSB and Gobea, to remedy violations of the Fair Labor Standards Act 29 U.S.C. §201, *et seq.*, and violations of Florida state law which arise out of the same set of operative facts thereby giving this Court supplemental jurisdiction over such claims pursuant to 28 U.S.C. § 1367.

### Jurisdiction, Parties, and Venue

2. Plaintiff is an individual who is a resident and citizen of Hillsborough County, Florida.

3. Defendant, PSB is a domestic for-profit limited liability company conducting business in Hillsborough County, Florida.

1

4. Upon information and belief, Defendant, Reiner Gobea is a resident and citizen of Hillsborough County, Florida.

5. Upon information and belief, Defendant, Monica Bernd is a resident and citizen of Hillsborough County, Florida.

6. Upon information and belief Free Markt, LLC, is a Florida limited liability company and its sole manager is Gregory Bryon who is a resident and citizen of Hillsborough County, Florida. AAdmixx Service Designs is a fictitious name for a design studio owned by Tobin Green who is believed to be a resident and citizen of Hillsborough County, Florida. Prieto, Prieto & Goan, LLC is a Florida limited liability company whose managers are Anthony Prieto, Keith Goan, and Renier Gobea; each individual is a resident and citizen of Hillsborough County, Florida.

7. The acts complained of herein occurred in Hillsborough County, Florida.

8. This Court has *in personam* jurisdiction over this action, and of the parties hereto, because Plaintiff's claims arise out of promises made by Defendants to be performed within the Court's jurisdiction by virtue of Rule 4(k)(1)(A), Federal Rules of Civil Procedure. Additionally, this Court has personal jurisdiction over Defendants, as they are citizens of the State within this judicial district.

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because this is an action arising under the laws of the United States, specifically the Fair Labor Standards Act. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because such claims arise from a common nucleus of operative facts and such facts are inextricably intertwined with Plaintiff's claims under federal law.

10. Venue of this action in this judicial district and division is proper under and by virtue of 28 U.S.C. §1391(b)(2), because, among other things, a substantial part of the events or omissions giving rise to the claims in this action occurred within this judicial district.

11. Jurisdiction and venue properly lay in this Court.

*The Parties' Relationship*

12. On or about April 23, 2017, Plaintiff was approached by Gobea to discuss opening a new restaurant in the Hyde Park area of Tampa, Florida.

13. After some discussions, the parties agreed their new business venture would involve Plaintiff, Gobea, and Gobea's business partner, Monica Bernd ("Bernd"). The parties further agreed that Gobea would provide capital to begin the business in exchange for fifty-three percent (53%) membership unit interest. Bernd would provide administrative support services in exchange for five percent (5%) membership unit interest. Plaintiff would provide a partial capital contribution and partial in-kind services during pre-opening of the restaurant in exchange for twenty-two percent (22%) membership unit interest. The remaining twenty percent (20%) was held by PSB for future investors.

14. As to Plaintiff's interest, Plaintiff invested fifty thousand dollars ($50,000.00) for fifteen percent (15%) membership interest and agreed to forego collecting a salary during the restaurant's pre-opening phase, at a valuation of approximately fifty thousand dollars ($50,000.00) for an additional seven percent (7%) interest in the company.

15. The parties agreed that Plaintiff would assist in the planning and build-out of the restaurant (the "Construction").

16. During Construction, PSB struggled to meet its financial obligations causing Plaintiff to pay for company expenses from personal resources rather than Company funds,

including payments for construction materials and services to the general contractor and other vendors. Plaintiff paid a total sum of forty-six thousand two hundred ninety-five and 46/100 dollars ($46,295.46) for these extra out-of-pocket costs.

17. Thus, Plaintiff's total capital contribution to the company was one hundred forty-six thousand two hundred ninety-five and 46/100 dollars ($146,295.46).

18. Despite Plaintiff increasing his capital contribution to the company, it became apparent to the parties they would need to raise capital to complete the Construction. To preserve his minority interest in PSB, Plaintiff insisted that he serve as the company's managing member.

19. Despite being listed as PSB's Manager, and over Plaintiff's objections, Gobea insisted that Bernd have control of the books, records, payroll, and accounting of PSB.

20. As a result of the need for additional capital, three (3) additional members were added PSB – Free Markt, LLC which holds three percent (3%) membership unit interest, AAdmixx Service Designs which holds five percent (5%) membership unit interest, and Prieto, Prieto & Goan, LLC which holds twelve percent (12%) membership unit interest in PSB. Aadmixx Service Designs contributed in-kind services to PSB. The total funds invested by these additional members is unclear.

21. In October 2017, Gobea's counsel provided a draft operating agreement to the members of PSB. The proposed agreement was revised and a final agreement was issued in January 2018 titled Platt Street Borough, LLC's Operating Agreement (the "Operating Agreement"). A true and correct copy of the Operating Agreement is attached hereto and incorporated herein as **Exhibit "A."**

22. Despite receiving the Operating Agreement, the members did not formally execute the agreement, but each member acted in accordance with the Operating Agreement.

23. Shortly after opening the restaurant, it became apparent to Plaintiff the restaurant did not have sufficient cash to operate the business. As a result, Plaintiff paid several vendors and suppliers using his personal credit cards.

24. To wit, Plaintiff paid a total sum of twenty-three thousand three hundred twenty-four and 87/100 dollars ($23,324.87) on behalf of PSB, but PSB reimbursed Plaintiff only eight thousand seven hundred seventy-four and 48/100 dollars ($8,774.48). The balance of fourteen thousand five hundred fifty and 39/100 dollars ($14,550.39) ("Expense Reimbursement") remains due and owing to Plaintiff for the expenses incurred.

*Wages and Overtime*

25. Pursuant to Section 6.5 of PSB's Operating Agreement, Plaintiff was entitled to receive an annual salary of sixty thousand dollars ($60,000). See Exhibit A, Section 6.5.

26. Plaintiff's primary job duties required him to oversee day-to-day operations of the business and, among other things, oversee front and back of the house operations, menu development, arrange for professional, secretarial, and clerical support as needed, and perform other services as PSB's members requested to further the purpose of PSB.

27. Despite Plaintiff being PSB's Manager, payroll and accounting were handled by Bernd at Gobea's direction.

28. Plaintiff worked at least 70 hours each week, from October 7, 2017, up to and including June 8, 2018, or was otherwise entitled to time off. PSB failed to pay Plaintiff his wages.

29. On November 18, 2017, January 10, 2018 February 26, 2018, May 18, 2018, June 1, 2018, and July 04, 2018 Plaintiff informed Gobea and other members of PSB that he had not been paid his agreed wages and demanded payment of his wages. Despite these demands for payment, Plaintiff did not receive his wages.

30.     Plaintiff's effective hourly rate was $28.84/ hour.

31.     Plaintiff is entitled to his unpaid wages and unpaid overtime pay for all weeks where he was actively working during the period October 7, 2017 through June 8, 2018.[1]

*Corporate Waste*

32.     Section 1.1 of the Operating Agreement delineates that the company "Board" consists of all members who hold voting shares.

33.     The electronic Articles of Organization for PSB filed with Florida's Secretary of State confirms the members authorized to manage the company are Reiner Gobea and Monica Bernd, in addition to Plaintiff. A true and correct copy of the Articles of Organization is attached hereto and incorporated herein as **Exhibit "B."**

34.     Despite Plaintiff's efforts to maintain and manage PSB's financial affairs, ensure prompt payments, execute checks, and disburse funds, such efforts were hindered and impaired by the actions of Gobea, Bernd, and the other members of PSB. Bernd, at Gobea's direction, managed PSB's books, records, payroll, and accounting.[2]

35.     On more than one occasion Plaintiff, as Manager, brought to PSB's attention concerns of self-dealing, corporate waste, mismanagement of authority, and mismanagement of PSB's funds by other members. The Board ignored Plaintiff's concerns and refused to act in the best interest of PSB.

36.     It became apparent to Plaintiff that he was purposefully being deprived control over the accounting, books and records of PSB because Gobea was arranging for prior personal debts and liabilities to be paid by PSB.

---

1 Plaintiff did not work from February 4, 2018 through February 15, 2018 due to personal reasons and does not seek FLSA related wages for these workweeks.

2 From August 28, 2018 through October 2, 2018, Bernd paid herself the sum of $10,500 in back pay.

37. Gobea previously owned and operated an establishment at the same location called the "Hyde Out." Gobea personally guaranteed several obligations for the Hyde Out, including its rent obligations. The Hyde Out was unsuccessful and ultimately closed its doors, defaulting on its rent obligations. Gobea was personally liable for Hyde Out's unpaid rent ("Rent Obligation").

38. At the time of negotiating PSB's lease, Gobea assured the landlord that PSB would pay an additional five thousand dollars ($5,000) per month in rent payments to satisfy Hyde Out/Gobea's past due Rent Obligation. From December 2017 until March 2018 PSB paid Gobea's Rent Obligation. After March 2018 PSB was financially struggling and unable to continue paying the Rent Obligation and reduced its payments to two thousand five hundred dollars ($2,500) until June 2018. After June 2018 PSB was financially unable to continue paying Gobea's personal debt obligations.

39. In addition, PSB, at Gobea's direction, became responsible to pay the Hyde Out's tax liabilities of twelve thousand five-hundred seventy-seven and 15/100 dollars ($12,577.15). These additional costs significantly diminished PSB's profitability and business value.

*Plaintiff's Resignation and Disassociation*

40. As a result of the on-going mismanagement of company assets and Plaintiff's inability to collect his wages due to him, he notified Gobea he no longer wished to continue with PSB or the restaurant.

41. On or about May 18, 2018, Plaintiff resigned from his position as Manager of PSB. Plaintiff's resignation became effective on June 8, 2018.

42. Plaintiff requested PSB acquire his twenty-two percent interest for fair market value, and well below the value of Plaintiff's contribution. Gobea and PSB refused to buy back Plaintiff's shares.

43. On or about November 16, 2018, Gobea caused Plaintiff to be removed from the Florida Secretary of State records for PSB. On the same day, Gobea filed a name change from PSB to "Thee Tree House." A true and accurate copy of the Secretary of State filing is attached hereto and incorporated herein as **"Exhibit C."**

44. Upon information and belief, Plaintiff suspects Gobea caused Plaintiff's interest in PSB was sold to a new investor without compensating Plaintiff for the sale of his interest in PSB.

45. Plaintiff has incurred the costs of this action and is obligated to pay his undersigned attorneys a reasonable fee for the services rendered, which fees and expenses should be the responsibility of Defendants, under applicable law.

46. All conditions precedent to the maintaining of this action have either occurred or have been waived.

<u>**Count I**</u>
**Defendants' Minimum Wage Violation of the**
**Fair Labor Standards Act 29 U.S.C. §201,** *et seq*.

47. Plaintiff restates and incorporates herein the allegations in paragraph 1 through 46 above.

48. Defendants' conduct of failing to pay Plaintiff for hours worked has resulted in Plaintiff being paid less than the applicable minimum wage rate in violation of the Fair Labor Standards Act ("FLSA") 29 U.S.C. §201, *et seq*. and specifically, §206.

49. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages and is entitled to recover from PSB all of his unpaid wages and an additional amount equal to his wages as liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

50. As a result of Defendants' unlawful acts, Plaintiff has been deprived of his wages in amounts to be determined at trial; and Plaintiff is entitled to recovery of such amounts, in addition to liquidated damages in an amount equal to his unpaid wages, prejudgment interest, attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests this Honorable Court enter judgment in his favor and against Defendants, awarding Plaintiff his unpaid wages as required by the FLSA; an equal amount of all the damages in the form of liquidated damages as allowed under the FLSA; reasonable attorneys' fees and costs of this action as provided by 29 U.S.C. §216(b); prejudgment interest; and such other relief as the Court deems just and appropriate including, without limitation, interest on any actual or nominal damages warranted.

### Count II
### Defendants' Failure to Pay Overtime Compensation in Violation of the FLSA 29 U.S.C. §201, *et seq*.

51. Plaintiff restates and incorporates herein the allegations in paragraph 1 through 46 above.

52. Defendants' conduct in failing to pay Plaintiff lawful overtime compensation for any and all hours worked in excess of forty (40) hours during any given week violates the FLSA 29 U.S.C. §201, *et seq*. and specifically, §§206 and 216.

53. At all material times, Plaintiff was not an exempt employee under 29 U.S.C. §213.

54. Defendants have violated the law by failing to pay Plaintiff one and one-half times his regular rate of pay for every hour worked in excess of forty (40) hours during any given week. Plaintiff worked an average of 70 hours each week.

55. Defendants have willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff overtime compensation for all hours worked over forty (40) hours per week, pursuant to 29 U.S.C. §207.

56. As a result of Defendants' actions, Plaintiff has been deprived of compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages in an amount equal to the overtime wages due, prejudgment interest, attorneys' fees costs and other compensation pursuant to 29 U.S.C. §216(b).

57. Defendants have not made a good faith effort to comply with the overtime compensation requirements of the FLSA with respect to Plaintiff.

WHEREFORE, Plaintiff requests this Honorable Court enter judgment in his favor and against Defendants, awarding Plaintiff his compensation for overtime pay at the rate of one and one-half times the applicable regular rate of pay for every hour worked in excess of forty (40) hours during any given week during the relevant period Plaintiff was employed with PSB, as required by the FLSA; an equal amount of all the damages in the form of liquidated damages as allowed under the FLSA; reasonable attorneys' fees and costs of this action as provided by 29 U.S.C. §216(b); prejudgment interest; and such other relief as the Court deems just and appropriate including without limitation interest on any actual or nominal damages warranted.

## Count III
### Common Law Claim for Unpaid Wages as to Defendant PSB

58. Plaintiff restates and incorporates herein the allegations in paragraph 1 through 46 above.

59. PSB failed to pay Plaintiff his salary for all wages owed to him for his services under the Operating Agreement.

60. Plaintiff is entitled to his unpaid wages and unpaid overtime.

WHEREFORE, Plaintiff requests this Honorable Court enter judgment in his favor and against Defendants, awarding Plaintiff his unpaid wages; reasonable attorneys' fees and costs incurred in this matter; and such other relief as the Court deems just and appropriate including without limitation interest on any actual or nominal damages warranted.

## Count IV
### Breach of Contract as to Defendant PSB

61. Plaintiff restates and incorporates herein the allegations in paragraph 1 through 46 above.

62. On or about January 10, 2018, the members of PSB entered into the Platt Street Borough, LLC Operating Agreement.

63. Although members of PSB did not execute the Operating Agreement, the members performed as though the Operating Agreement was in full force and effect.

64. The Operating Agreement § 6.5 states, in part, "[t]he Company Manager shall receive a base salary of Sixty Thousand Dollars ($60,000.00)."

65. On or about November 7, 2017, PSB opened for business to the general public. In connection with his responsibilities as Manager and chef, Plaintiff was entitled to receive an annual compensation of $60,000.00. See Exh. A, Section 6.5(a).

66. On or about November 18, 2017, Plaintiff informed PSB, through its Board, that he had not been paid his wages and that the company was experiencing cash-flow issues.

67. By failing to pay Plaintiff his wages, PSB breached Section 6.5 of the Operating Agreement causing Plaintiff's damages.

68. In addition, PSB further breached the Operating Agreement by failing to reimburse Plaintiff the sum of fourteen thousand five hundred fifty and 39/100 dollars ($14,550.39) for the funds he advanced on behalf of PSB.

69. On or about December 18, 2018, counsel for Plaintiff issued a demand to PSB for unpaid wages, payment for Expense Reimbursement, and return of Plaintiff's capital contribution, a total sum of one hundred ninety-nine thousand three hundred forty-five and 85/100 dollars ($199,345.85). PSB failed and/or refused to remit payment to Plaintiff.

70. PSB has breached the Operating Agreement by its failure and/or refusal to pay Plaintiff the amounts due thereunder.

71. PSB's breach of the Operating Agreement directly and proximately caused damages to Plaintiff.

72. Plaintiff contributed the total sum of one hundred forty-six thousand two hundred ninety-five and 46/100 dollars ($146,295.46) as capital contribution.

73. Upon information and belief, Plaintiff's membership interest was transferred to a third-party investor without Plaintiff's knowledge and consent, and without payment to Plaintiff in violation of the Operating Agreement.

74. PSB owes Plaintiff the sum of one hundred ninety-nine thousand three hundred forty-five and 85/100 dollars ($199,345.85) for unpaid wages, Expense Reimbursement, and as return of Plaintiff's capital contribution.

WHEREFORE, Plaintiff requests this Honorable Court enter judgment in his favor and against Defendants, awarding Plaintiff his damages, pre and post judgment interest, costs of suit, including reasonable attorneys' fees, and any other and further relief as this Court may deem proper.

## Count V
### (in the alternative)
### Unjust Enrichment as to All Defendants

75. Plaintiff restates and incorporates herein the allegations in paragraph 1 through 46 above.

76. Plaintiff conferred a benefit upon Defendants by providing Defendants with management services in connection with PSB's business.

77. In addition, Plaintiff invested substantial sums into PSB as capital contribution, Defendants have retained those funds while stripping Plaintiff of his interest in the company without compensation.

78. Defendants voluntarily accepted and retained the benefits conferred by Plaintiff for his services and capital contribution.

79. The circumstances render Defendants' retention of those benefits inequitable unless Defendants pay Plaintiff his wages, Expense Reimbursement, return of his capital contribution, and other costs and fees.

80. Defendants have refused and/or failed to pay Plaintiff the value of those benefits.

81. Defendants' refusal and/or failure to pay Plaintiff the value of those benefits has directly and proximately caused damage to Plaintiff.

WHEREFORE, Plaintiff requests this Honorable Court enter judgment in his favor and against Defendants, awarding Plaintiff his damages, pre and post judgment interest, costs of suit, including reasonable attorneys' fees, and any other and further relief as this Court may deem proper.

## Count VI
### Conversion as to All Defendants

82. Plaintiff restates and incorporates herein the allegations in paragraph 1 through 46 above.

83. On or about November 16, 2018, Gobea caused Plaintiff's interest in PSB to be transferred to a third-party investor.

84. Gobea undertook such action without notice to Plaintiff and without Plaintiff's consent.

85. Plaintiff has expressed, on several occasions, his willingness to relinquish his interest in PSB for a fair market value.

86. Defendants have not compensated Plaintiff for the sale of his interest in PSB.

87. Defendants have intentionally caused Plaintiff to be deprived of his property interest in his membership units in PSB.

88. On or about December 18, 2018, Plaintiff through undersigned counsel made a demand to PSB to buy-back Plaintiff's interest at a fair market value.

89. Gobea and PSB have refused to pay Plaintiff for his membership interest depriving Plaintiff of its use or benefit.

WHEREFORE, Plaintiff requests this Honorable Court enter judgment in his favor and against Defendants, awarding Plaintiff his damages, pre and post judgment interest, costs of suit, including reasonable attorneys' fees, and any other and further relief as this Court may deem proper.

## Count VII
### Breach of Fiduciary Duty as to Gobea

90. Plaintiff restates and incorporates herein the allegations in paragraph 1 through 46 above.

91. Gobea, as the majority member of PSB and controlling member of PSB's Board, owed a fiduciary duty to Plaintiff, as a member of PSB, and a duty to comply with general standards of the Operating Agreement and Florida law in discharging his duties.

92. The Operating Agreement does not authorize any member, including Gobea, "to act or sign for, or to obligate the Company" to any commitments without the Manager and Board's approval.

93. Gobea committed PSB to several past due obligations that Gobea was personally liable for from a former eatery located at the same property. Specifically, Gobea had several months of unpaid rent due and owing to PSB's landlord. Gobea arranged for the transfer of his personal liability to PSB and obligated PSB to pay an additional $5,000 a month in rent to the landlord to cover the deficiencies from Gobea's failed prior venture.

94. Similarly, Gobea had several debts and unpaid accounts with various vendors that became PSB's obligation when PSB attempted to establish new accounts because of Gobea's personal liability for those debts.

95. Gobea did not act in good-faith when he obligated PSB to pay for his personal debt and liabilities.

96. Gobea did not have a belief that he was acting in the company's best interest when he undertook the above referenced acts.

97. Gobea's breach of his fiduciary duties caused Plaintiff to suffer damages.

WHEREFORE, Plaintiff requests this Honorable Court enter judgment in his favor and against Defendants, awarding Plaintiff his damages, pre and post judgment interest, costs of suit, including reasonable attorneys' fees, and any other and further relief as this Court may deem proper.

### Count VIII
### Fraud as to All Defendants

98. Plaintiff restates and incorporates herein the allegations in paragraph 1 through 46 above.

99. On or about June 1, 2017, Defendants represented to Plaintiff that all funds and best efforts would be employed solely for purposes of PSB's business venture. Additionally, Defendant, Gobea, represented to Plaintiff in a text message that in his role of PSB's Manager he would have control over and management of PSB's operation including, its financial management.

100. Based on these representations, and others made by Defendants, over the course of two (2) years Plaintiff invested substantial time, money, and effort into the business venture.

101. Despite Plaintiff's efforts to maintain and manage PSB's financial affairs, ensure prompt payments, execute checks, and disburse funds, such efforts were hindered and impaired by the actions of Gobea, Bernd, and the other members of PSB.

102. On or about August 22, 2017, Plaintiff provided Defendants with a reduced budget and outline on potential cost savings measures. Defendants ignored Plaintiff's suggestions and continued misusing and mismanaging corporate funds and insisted that Bernd manage PSB's books, records, payroll, and accounting.

103. Unbeknownst to Plaintiff, Defendants intended to use, and did use funds to pay off existing debts from an unrelated venture including, without limitation, paying past due rent, tax liabilities, and other vendors'/suppliers' unpaid bills.

104. As a result of the Defendants' misrepresentation and subsequent misuse of corporate funds, Plaintiff suffered damages.

WHEREFORE, Plaintiff requests this Honorable Court enter judgment in his favor and against Defendants, awarding Plaintiff his damages, pre and post judgment interest, costs of suit, including reasonable attorneys' fees, and any other and further relief as this Court may deem proper.

Dated: June 20, 2019.                    SHANKMAN LEONE, P.A.

*/s/   David S. Shankman*
David S. Shankman, Esquire
Florida Bar No. 0940186
Primary E-mail: dshankman@shankmanleone.com
Suketa K. Shah, Esquire
Florida Bar No. 116462
Primary E-mail: sshah@shankmanleone.com
707 North Franklin Street
Fifth Floor
Tampa, Florida 33602
Telephone: 813-223-1099
Facsimile: 813-223-1055
*Attorneys for Plaintiff, Kiel Lombardo*